

401 Park Avenue South
New York, NY 10016
p. 212.571.2000 f. 212.571.0505

930 Montgomery Street
San Francisco, CA 94133
p. 415.262.0096 f. 212.571.0505

www.ottingerlaw.com

**Ariel Y. Graff**
ari@ottingerlaw.com

October 20, 2014

**BY ECF**

Hon. Susan D. Wigenton
U.S. District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

      Re:    ***Isabel Perez v. Factory Direct of Secaucus d/b/a Ashley Furniture, et al.***
             **No. 2:13-cv-00327 (SDW)(SCM)**

Dear Judge Wigenton:

This firm is counsel to Plaintiff in the above-referenced action. We write respectfully in advance of oral arguments on Defendants' Motion for Summary Judgment regarding certain allegations raised by Defendants for the first time in their Reply Brief (ECF # 64). Specifically, Defendants incorrectly assert that Plaintiff's affidavit filed in opposition to Defendants' motion (ECF # 60-8) should be disregarded as a "sham affidavit," despite failing to offer a single instance where that affidavit contradicts Ms. Perez's sworn deposition testimony.

It is well established that "[a]n inherent requirement of a sham affidavit is that the affiant's statement must contradict deposition testimony." *Brown v. Showboat Atlantic City Propco, LLC*, 08–5145(NLH), 2010 WL 5237855, at *4 (D.N.J. Dec. 16, 2010); *see also Jimenez v. All American Rathskeller, Inc.*, 503 F.3d 247, 251 (3d Cir. 2007); *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004). Defendants' conclusory allegations that Plaintiff's affidavit is "self-serving," "immaterial" and even "bizarre," notwithstanding, there is no question that it does not contradict any aspect of Ms. Perez's deposition testimony.

In fact, Defendants do not even assert that the affidavit actually contradicts Ms. Perez's testimony. Instead, the only issue Defendants take with the affidavit is that Plaintiff purportedly had the opportunity to testify about the same subject matter during her deposition. (*See* Brief at 6-7). As noted above, this is a fundamental misstatement of the sham affidavit doctrine. The District of New Jersey—in the very case cited by Defendants in support of their argument—has held conclusively that a contradiction between the affidavit and the affiant's deposition testimony is a fundamental requirement. *Brown*, 2010 WL 5237855, at *4. Insofar as Defendants have identified no such contradiction, they have failed to establish that Plaintiff's affidavit is a sham.

Hon. Susan D. Wigenton
October 20, 2014
Page 2 of 2

Moreover, as a matter of fact, Plaintiff's affidavit is not only entirely consistent with the pleadings in this matter, but also consists only of elaborations and clarifications to her deposition testimony, which were made necessary by the deposing counsel's failure to explore all of the relevant and material aspects of Plaintiff's testimony at that time. Defendants themselves admit that Plaintiff testified in her deposition about several of the events and incidents to which she further attests in the affidavit. (ECF No. 64, at 6-7). However, despite having ample time to depose Plaintiff fully about these events, Defendants instead chose to ask closed questions and interrupt the witness whenever she attempted to elaborate on her answers. Attached hereto as **Exhibit A** is a selection of pages from Ms. Perez's deposition transcript that illustrate this consistent practice. Defendants refused to permit the witness to answer their questions fully, despite her many attempts to do so. Defendants are simply not entitled to deny Plaintiff the opportunity to elaborate on her answers and then insist that a subsequent affidavit—which contains precisely such elaborations—must be disregarded.

It is important to note that, even had Defendants identified a contradiction—which they have not—the Third Circuit has adopted a "flexible approach" towards the sham affidavit doctrine, pursuant to which an affidavit, even if contradictory, is not a sham to the extent either: (a) there is independent evidence in the record to bolster the otherwise questionable affidavit or (b) the affiant can offer a satisfactory explanation for the conflict between the prior deposition and the affidavit. *Jimenez*, 503 F.3d, at 254. In this regard, courts in this District have consistently held that "an affidavit is not a sham if the affiant did not have all available information at the time of the deposition, or the subsequent affidavit clarifies or further elaborates upon ambiguous testimony." *Brown*, 2010 WL 5237855, at *4. Moreover, an affidavit that explains certain aspects of the affiant's deposition testimony that caused confusion cannot be considered a sham. *Baer*, 392 F.3d at 625. Defendants make no effort to address any of these elements. More importantly, as noted above, and as is clearly illustrated by a cursory examination of Plaintiff's deposition transcript, Defendants' line of questioning created precisely the type of "confusion" that requires clarification and therefore entitles parties to rely on subsequent affidavits.

Plaintiff therefore respectfully requests that this Court reject Defendants' argument that Plaintiff's affidavit is a sham and, in light of the genuine issue of material fact plainly evident in the record, deny Defendants' motion for summary judgment.

Sincerely,

*/s/ Ariel Graff*

Ariel Y. Graff

Cc:   Daniel Ritson (ECF)